991 So.2d 404 (2008)
Matthew Scott PAUL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-3346.
District Court of Appeal of Florida, Second District.
September 19, 2008.
James Marion Moorman, Public Defender, and Timothy J. Ferreri, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
LaROSE, Judge.
In Paul v. State, 908 So.2d 1071 (Fla. 2d DCA 2005) (table decision), we affirmed Matthew Scott Paul's conviction and sentence for felony driving while license revoked.[1] We cited Hilton v. State, 901 So.2d 155 (Fla. 2d DCA 2005) (en banc) (Hilton I). The supreme court reversed Hilton I, quashed our decision in Paul, and remanded for our reconsideration. Hilton v. State, 961 So.2d 284 (Fla.2007) (Hilton II); Paul v. State, 979 So.2d 954 (Fla.2008). On remand, we affirm.

Facts
A police officer stopped Mr. Paul's pickup truck because the left taillamp casing was broken. Mr. Paul told the officer that he did not have a driver's license but provided his name, social security number, *405 and date of birth. The officer determined that Mr. Paul's license was revoked and arrested him. Mr. Paul moved to suppress his identification and statements, asserting that the stop was illegal. At the suppression hearing, the officer testified that the broken lamp casing emitted only white light. Mr. Paul introduced into evidence photographs showing the cracked left taillamp casing. His mother, who took the photos, testified that the cracked taillamp emitted both red and white light.
The trial court denied the motion to suppress. Thereafter, Mr. Paul pleaded no contest to driving with license revoked, reserving his right to appeal the denial of the dispositive motion to suppress. He was sentenced to one year and a day in prison.

Analysis
Section 316.610, Florida Statutes (2002), provides:
It is a violation of this chapter for any person to drive or move, or for the owner or his or her duly authorized representative to cause or knowingly permit to be driven or moved, on any highway any vehicle or combination of vehicles which is in such unsafe condition as to endanger any person or property, or which does not contain those parts or is not at all times equipped with such lamps and other equipment in proper condition and adjustment as required in this chapter, or which is equipped in any manner in violation of this chapter, or for any person to do any act forbidden or fail to perform any act required under this chapter.
(1) Any police officer may at any time, upon reasonable cause to believe that a vehicle is unsafe or not equipped as required by law, or that its equipment is not in proper adjustment or repair, require the driver of the vehicle to stop and submit the vehicle to an inspection and such test with reference thereto as may be appropriate.
In Hilton I, we reasoned that section 316.610(1), Florida Statutes (2001), permitted a stop for a cracked windshield, regardless of whether the crack made the vehicle unsafe, based on the statutory language allowing a stop if the vehicle's equipment is not in proper repair. 901 So.2d at 157. In Paul, we followed Hilton I and reasoned that the stop for a broken taillamp casing was lawful because it was not in proper repair. Paul, 908 So.2d 1071.
In reversing Hilton I, the supreme court reasoned:
The United States Supreme Court has held that stopping a vehicle is permissible under the Fourth Amendment only where there is a reasonable suspicion that either the vehicle or an occupant is subject to seizure for a violation of law. See Delaware v. Prouse, 440 U.S. 648, 663, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). Thus, for a stop to be constitutional under the "not in proper adjustment or repair" section of 316.610(1), the equipment defect or damage must be in violation of the law.
961 So.2d at 290.
The supreme court observed that section 316.610's introductory paragraph provides that the types of equipment defects that violate the law under the statute, and thus allow a stop under section 316.610(1), are those that render the vehicle unsafe or violate statutory requirements for specific equipment. Id. Thus section 316.610 must be read together with those statutes that delineate specific equipment requirements. Id. (citing Doctor v. State, 596 So.2d 442, 446 (Fla.1992)). The court held in Hilton II that section 316.610 did not authorize an officer to stop a vehicle for any windshield crack under the "`not in proper adjustment or repair' provision of subsection *406 (1)"; because section 316.2952, Florida Statutes (2001), did not require a windshield free from cracks, a vehicle stop for a windshield crack was authorized only if it posed a safety hazard. Id.
Similarly, section 316.221(1), Florida Statutes (2002), does not require taillamps free from cracks or breaks:
Every motor vehicle, trailer, semitrailer, and pole trailer, and any other vehicle which is being drawn at the end of a combination of vehicles, shall be equipped with at least two taillamps mounted on the rear, which, when lighted as required in s. 316.217, shall emit a red light plainly visible from a distance of 1,000 feet to the rear....
But, the taillamps must emit a plainly visible red light. The instant record contains competent, substantial evidence that the broken taillamp did not meet that statutory requirement. Therefore, the trial court properly denied Mr. Paul's motion to suppress.
Affirmed.
DAVIS, J., Concurs.
WHATLEY, J., Concurs in result only.
NOTES
[1] See § 322.34(5), Fla. Stat. (2003).